UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRAIL BANKS, | ) | CASE NO. 4:18-cv-2811 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MAHONING COUNTY CHILD SUPPORT AGENCY, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court are motions to dismiss filed by defendants Mahoning County Child Support Agency, Mahoning County Juvenile Court, and Mark Latas (Doc. No. 7 ["Cty. Mot."]) and by defendant Theresa Dellick (Doc. No. 10 ["Dellick Mot."]). Plaintiff filed "objections," which the Court construes collectively as plaintiff's brief in opposition to the two motions. (Doc. Nos. 9, 11/13.) Defendant Dellick also filed a reply brief. (Doc. No. 12.) For the reasons set forth herein, both motions are granted and this case is closed.[1]

**I.    BACKGROUND**

On December 6, 2018, pro se plaintiff Kendrail Banks,[2] identifying himself as "Kendrail of the Family Banks, Injured, Aggrieved Party," filed a complaint against the four defendants.[3]

---

[1] Plaintiff also filed a motion to contest and rescind affidavit of paternity. (Doc. No. 8.) The Court perceives no reason to address this motion, having determined that the complaint fails to state a claim.

[2] Although plaintiff is representing himself, he is not proceeding in forma pauperis, having paid the $400 filing fee.

[3] The docket reflects that original summonses were issued to plaintiff on December 6, 2018; however, no proof of service of process on any defendant has ever been filed, as required by Fed. R. Civ. P. 4(*l*). The Mahoning County defendants have specifically reserved their right to raise any and all defenses with respect to service. (Cty. Mot. at 50 n. 1.)

(Doc. No. 1 ["Compl."].[4]) Although the complaint is nearly indecipherable, by virtue of its reference to "Title IV-D of the Social Security Act" (Compl. at 2[5]), 42 U.S.C. §§ 651–669, it appears to be an attempt to challenge state court orders requiring plaintiff to pay child support for a child deemed to be his through a declaration of paternity.

Plaintiff cites both 42 U.S.C. §§ 651, 666 and 42 U.S.C. § 1983 as the jurisdictional grounds for his complaint. (*Id.*) He sets forth thirteen claims for relief under § 1983: (1) fraudulent inducement (*id*. at 9); (2) fraud (*id*. at 9–10); (3) false advertisement (*id.* at 11); (4) forced and compelled association (*id.* at 11–12); (5) deprivation of rights under color of law (*id.* at 12); (6) compelled disclosure and use of social security number (*id.* at 12–13); (7) intentional infliction of a bill of attainder (*id.* at 13); (8) first amendment violations and deprivations (*id.* at 13–14); (9) fourth amendment violations and deprivations (*id.* at 14–15); (10) fifth amendment violations and deprivations (*id.* at 15–16); (11) denial of right to counsel and a trial by jury (*id.* at 16); (12) thirteenth amendment deprivations and violations (*id.* at 16–17); and, (13) fourteenth amendment deprivations and violations (*id.* at 17–18).

## II.     DISCUSSION

### A.     Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.

---

[4] The form of the complaint does not comply with Fed. R. Civ. P. 10, making citation difficult. The Court will refer to page numbers.

[5] All page number references are to the page identification number generated by the Court's electronic docketing system.

2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

In analyzing defendants' motions, the Court recognizes that plaintiff is proceeding *pro se*, and that *pro se* complaints, which are held to less stringent standards than pleadings drafted by lawyers, must be liberally construed. *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987) (citations omitted). That said, the Court "is not required to conjure up unpled allegations" on behalf of a *pro se* plaintiff. *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004) (citation omitted).

**B.     Analysis**

As a threshold matter, 42 U.S.C. § 666 offers no basis for jurisdiction. Section 666 provides for jurisdiction in the district courts "to hear and determine any civil action *certified by the*

3

*Secretary of Health and Human Services* under section 652(a)(8) of this title." (emphasis added). There is no such certification shown here and the Secretary is not a party to this action.

To prevail on a Section 1983 claim, a plaintiff must prove: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Although "[a] [governmental entity] may be held liable under § 1983 if the [entity] itself caused the constitutional deprivation[,]" *id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)), the entity that is sued must be *sui juris*. *Vaughn v. Common Pleas Court of Montgomery Cty., Oh.*, No. 3:16CV00248, 2016 WL 4264345, at *2 (S.D. Ohio Aug. 12, 2016) (holding that Court of Common Pleas is not a "person" under § 1983 and lacks the capacity to be sued, that is, it is not *sui juris*), adopted by 2016 WL 6139134 (S.D. Ohio Oct. 21, 2016).

As already noted, plaintiff's complaint is quite incomprehensible, a fact that is grounds enough to dismiss it in its entirety. *Roper v. Ford Motor Co.*, No. 1:09-CV-427, 2010 WL 2670827, at *3 (S.D. Ohio Apr. 6, 2010) ("Courts are not required to expend their time when the nature of a *pro se* plaintiffs' [sic] claim 'defies comprehension.'") (citation omitted). However, since such a dismissal would likely be without prejudice, the Court will address the substantive arguments raised by the defendants' motions, which have merit.

Despite plaintiff's assertion to the contrary,[6] defendants Mahoning County Child Support Agency and Mahoning County Juvenile Court argue correctly that they are not *sui juris* and, therefore, cannot be sued. (Cty. Mot. at 52.) Capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b)(3). Under Ohio law, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga Cty., Oh.*, 344 N.E.2d 126, 128 (Ohio 1976). Similarly, sub-units of government also lack capacity to sue or be sued. *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12CV02163, 2013 WL 5820276, *3–4 (N.D. Ohio Oct. 29, 2013) (citing cases). Therefore, Mahoning County Child Support Agency and Mahoning County Juvenile Court are both entitled to dismissal because neither one is *sui juris*.

Even if either of these county entities were *sui juris*, to establish an actionable claim against either or both of them, plaintiff cannot rely upon a mere theory of *respondeat superior*. *Monell*, 436 U.S. at 691. Governmental entities "do not 'cause' constitutional violations solely by having employed a constitutional tortfeasor." *Feliciano v. City of Cleveland*, 988 F.2d 649, 654–55 (6th Cir. 1993) (citing *Monell*, 436 U.S. at 691–92). The complaint does not allege facts suggesting that either of these county entities were responsible, due to any policy and/or custom, for a constitutional violation. For that additional reason, both Mahoning County Child Support Agency and Mahoning County Juvenile Court are entitled to dismissal.

Defendant Mark Latas, a magistrate judge in the Mahoning County Juvenile Court, argues that he is entitled to dismissal due to absolute judicial immunity from suit (Cty. Mot. at 53);

---

[6] Plaintiff alleges in his complaint that the defendants operate in "partnership" with the federal government and, therefore, have capacity to be sued under Fed. R. Civ. P. 17(b)(3)(A). (Compl. at 9.) This assertion has no merit. *See Lamb v. Tenth Judicial Dist. Drug Task Force*, 944 F. Supp. 2d 586, 594–95 n.6 (E.D. Tenn. 2013) (holding, along with other courts, that the exception in Rule 17(b)(3)(A) does not extend to governmental units).

defendant Dellick, a judge in the Mahoning County Court of Common Pleas, Juvenile Division, raises the same argument (Dellick Mot. at 78–79).[7] "A judge performing a judicial act is absolutely immune from a suit seeking monetary damages." *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018) (citing *Mireles v. Waco*, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991). Moreover, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). "Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge acts in the complete absence of jurisdiction." *Lloyd*, 2018 WL 6584288, at *4 (citation omitted).

Here, as it appears that plaintiff is challenging judicial actions taken against him pursuant to court orders issued by Latas and/or Dellick, both of them are entitled to absolute judicial immunity to the extent plaintiff seeks monetary relief.

Finally, and importantly, although plaintiff recites language attempting to bring his claims within the confines of § 1983, he fails to plead facts in support of any of his claims. In addition, to the extent at least half of his claims assert § 1983 violations based on purely state law issues, he cannot establish the first element of a § 1983 claim. Section 1983's reach is "limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law." *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003) (internal quotation marks and citation omitted).

---

[7] Dellick also argues that this Court lacks subject matter jurisdiction over plaintiff's challenges to state court decisions under the *Rooker-Feldman* doctrine (Dellick Mot. at 75–76) and, further, that the Court should refrain from interfering with ongoing state court action under the *Younger* doctrine (*Id.* at 76–78). These may be meritorious arguments. However, given the inadequately-pleaded complaint, it is difficult to ascertain from its face whether either of the abstention doctrines would actually apply.

Further, because plaintiff's complaint does not allege any cognizable federal claim, the Court declines to exercise supplemental jurisdiction over any state-law claim plaintiff may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

## III.  CONCLUSION

For the reasons set forth herein, the defendants' motions to dismiss (Doc. Nos. 7 and 10) are granted.[8]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith. Case closed.

**IT IS SO ORDERED**.

Dated: June 12, 2019

　　　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[8] This *pro se* fee-paid case is subject to dismissal for the additional reason that a district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) at any time "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citation omitted).